IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

EDGAR REED,                                §
           Petitioner,                    §
                              §
v.                                               §          C.A. NO. C-06-71
                              §
GARY JOHNSON,                          §
           Respondent.                   §

## MEMORANDUM AND RECOMMENDATION
## TO GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is an inmate in the Texas Department of Criminal Justice,
Criminal Institutions Division, and currently is incarcerated at the Garza East
Transfer Facility in Beeville, Texas.  Proceeding pro se, petitioner filed this habeas
corpus petition, pursuant to 28 U.S.C. §§ 2241, 2254, on January 27, 2006.  (D.E.
1, at 9).  On May 11, 2006, respondent filed a motion for summary judgment
arguing that petitioner's habeas petition should be dismissed with prejudice
because it is time-barred.  (D.E. 13, at 4-7).  Petitioner filed a response to the
respondent's motion on May 31, 2006.  (D.E. 15).

For the reasons stated herein, it is respectfully recommended that the
respondent's motion for summary judgment be granted, and petitioner's habeas
petition be dismissed with prejudice.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provides that jurisdiction is proper where the inmate is confined or where the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).  At the time of filing this action, petitioner was incarcerated in Beeville, Texas.

## II.  BACKGROUND

Petitioner was convicted of felony murder in the 351st District Court of Harris County, Texas on September 17, 2001 and sentenced to ten years incarceration and a fine of $10,000.  Reed v. State, App. No. 01-01-01022-CR, at 54-56 (Tex. App. 2003).  Upon the jury's recommendation, the sentencing judge ordered that his sentence be suspended and that he be placed on community supervision.  Id.  He appealed his conviction and sentence, but it was affirmed by the First Court of Appeals of Texas on May 8, 2003.  Reed v. State, No. 01-01-01022-CR, slip op. (Tex. App. May 8, 2003).  The Texas Court of Criminal Appeals denied his petition for discretionary review ("PDR"), on October 15, 2003.  Reed v. State, PDR No. 955-03 (Tex. Crim. App. 2003).  He did not file a state writ of habeas corpus.  See (D.E. 1, at 3); (D.E. 13, at Ex. A).

2

### III.  PETITIONER'S ALLEGATIONS

Petitioner argues that he is entitled to habeas relief based on the following grounds: (1) he is actually innocent; (2) there was insufficient evidence to support his conviction; (3) the trial court erroneously denied his objections to the prosecutor's inflammatory and inappropriate comments; (4) prosecutorial misconduct; (5) ineffective assistance of counsel; (6) the indictment was insufficient; and (7) he was denied effective appellate review due to discrepancies in appellate documents.  (D.E. 1, at 7-8, 10-11).

### IV.  DISCUSSION

Respondent does not address the merits of petitioner's claims.  Instead, he moved for summary judgment arguing that petitioner's habeas petition is time-barred.  (D.E. 13).

Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A party moving for summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991).  The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in his response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986).  Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof.  ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438, 441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**A.    Statute of Limitations.**

Respondent seeks to dismiss petitioner's habeas petition on the grounds that the application was filed outside the one-year limitation period set by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  (D.E. 10, at 4-7).  Regarding the deadline for filing an application for writ of habeas corpus, the AEDPA provides that the one-year limitation period runs from the latest of four alternative dates:

---

[1] Petitioner's writ of habeas corpus is subject to review pursuant to the provisions of AEDPA.  Lindh v. Murphy, 521 U.S. 320, 336 (1997) (holding that AEDPA applies to habeas petitions filed after its effective date of April 24, 1996).

     (A)    the date on which the judgment became final
              by the conclusion of direct review or the
              expiration of the time for seeking such review;

     (B)    the date on which the impediment to filing an
              application created by State action in violation of
              the Constitution or laws of the United States is
              removed, if the applicant was prevented from
              filing by such State action;

     (C)    the date on which the constitutional right asserted
              was initially recognized by the Supreme Court, if
              the right has been newly recognized by the
              Supreme Court and made retroactively applicable
              to cases on collateral review; or

     (D)    the date on which the factual predicate of the claim
              or claims presented could have been discovered
              through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  This period is tolled during the time a petitioner seeks

state post-conviction writ review:

     The time during which a properly filed application for
     State post-conviction or other collateral review with
     respect to the pertinent judgment or claim is pending
     shall not be counted toward any period of limitation
     under this subsection.

28 U.S.C. § 2244(d)(2).

     Here, the limitation period began to run ninety days after the Texas Court of

Criminal Appeals refused his PDR, or January 14, 2004, the date that his

conviction became final.  <u>See</u> Sup. Ct. R. 13.1 (petition for writ of certiorari is

considered timely if filed ninety days after final entry of judgment); see also
Flanagan v. Johnson, 154 F.3d 196, 197 (5th Cir. 1998) (citations omitted).
Therefore, AEDPA's one-year limitation period expired on January 13, 2005.  He
did not file this habeas petition until January 27, 2006, more than one year after
AEDPA's limitation period expired, making it time-barred.

Petitioner argues that he is entitled to equitable tolling of AEDPA's
limitation period.  (D.E. 15).  He alleges that he was impeded by the Harris County
Criminal Court from obtaining copies of the record in his case.  Id. at 9.  He further
argues that once he did obtain court records to contest his conviction he "was
confused as how to properly fill out the post conviction application for relief."  Id.
Finally, he argues that he is actually innocent of the underlying conviction and
AEDPA's statutory limitation period should not be employed to deny him of his
constitutional right prohibiting unlawful confinement.  Id. at 1-8.

Despite petitioner's assertions, it is respectfully recommended that he has
not shown that he is entitled to equitable tolling, which is permissible in "rare and
exceptional" circumstances.  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).
Equitable tolling of the limitation period applies principally where the petitioner is
actively misled by the respondent about the cause of action, or is prevented in
some extraordinary way from asserting his rights.  Coleman v. Johnson, 184 F.3d
398, 402 (5th Cir. 1999) (per curiam) (citation omitted).  Excusable neglect does

not support equitable tolling.  Id.  Because equitable tolling is available only when the petitioner meets the high hurdle of showing that extraordinary circumstances beyond his control made it impossible to file his petition on time, equitable tolling is inappropriate in most cases.  See Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999) (citation omitted) (commenting that district courts may allow an untimely petition to proceed under the doctrine of equitable tolling only in extraordinary circumstances).  A prisoner proceeding pro se is not a "rare and exceptional" circumstance.  Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (citations omitted).  Thus, it is respectfully recommended that petitioner's habeas petition be dismissed as time-barred.

**B.     Certificate of Appealability.**

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that

7

court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims that a district court rejects solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack, 529 U.S. at 484 (emphasis added).

8

Here, it is respectfully recommended that reasonable jurists could not debate the denial of petitioner's § 2254 petition on substantive or procedural grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability as to his claims.

## V.  RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that respondent's motion for summary judgment, (D.E. 13), be granted, and that petitioner's habeas petition, (D.E. 1), be dismissed with prejudice as time-barred.  It is further respectfully recommended that petitioner be denied a certificate of appealability.

Respectfully submitted this 15th day of June 2006.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).