IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDGAR REED | § | |
| | § | |
| v. | § | C.A. NO. C-06-71 |
| | § | |
| GARY JOHNSON | § | |

## ORDER DENYING MOTION FOR DISCOVERY

Petitioner is a state inmate currently incarcerated at the Torres Unit in Hondo, Texas, who has filed a habeas petition pursuant to 28 U.S.C. § 2254. (D.E. 1). Pending is his "Motion For Order Compelling Courts [sic] Show Cause Answer." (D.E. 29).[1]

It appears that petitioner is seeking discovery from respondent related to his state conviction. For example, he states that "Petitioner wants the respondent to send all court transcripts, court records and material court ordered included with, answer of the evidence to sustain the conviction." Id. at 1; see also id. at 2 ("If necessary or appropriate after Discovery an oral and documentary of the Evidence should be mandated at the hearing on the Motion."). Moreover, "Plaintiff Reed further moves the court for an order seeking that Respondent provide and pay for

---

[1] Petitioner attaches to his motion an order dated June 2, 2006, (D.E. 18), requiring respondent to provide the Court with state records that he represented he had already provided to the Court. On June 8, 2006, respondent filed those state records with the Court. (D.E. 19).

material requested in this proceeding.  There exists substantial justification for seeking fees, costs and expenses, because plaintiff is in Prison and can't acquire or afford the material requested." Id. at 2.  Finally, he requests the relief sought pursuant to Rule 37 of the Federal Rules of Civil Procedure.  Id. at 1.

Petitioner previously filed a motion for discovery in this action.  (D.E. 22).  On June 22, 2006, that motion for discovery was denied.  (D.E. 23).  Prior to that denial, a memorandum and recommendation had been issued recommending that respondent's motion for summary judgment be granted and that the petition be dismissed as time-barred.  (D.E. 20).  Since that denial of his request for discovery, he has filed objections to the memorandum and recommendation.  (D.E. 26).  Furthermore, the recommendation has been adopted by the Court, (D.E. 27), and final judgment was entered.  (D.E. 28).

A habeas petitioner is generally not entitled to discovery, rather "Rule 6 of the Rules Governing § 2254 cases permits discovery <u>only if and only to the extent that the district court finds good cause</u>."  Murphy v. Johnson, 205 F.3d 809, 814 (5th Cir. 2000) (emphasis added).  The Fifth Circuit has explained that "[i]n order to establish good cause, the petitioner must demonstrate that 'a factual dispute, if resolved in the petitioner's favor, would entitle him to relief and the state has not afforded the petitioner a full and fair evidentiary hearing.'" Lave v. Dretke, 416

F.3d 372, 381 (5th Cir. 2005) (quoting Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994)).  Petitioner has failed to establish good cause warranting discovery or interrogatories in this habeas petition.

To the extent that he is complaining that respondent failed to adhere to the order about providing the state records regarding petitioner's case, such a motion is moot.  Respondent has complied with the order.  (D.E. 19).

Accordingly, petitioner's motion, (D.E. 29), is hereby DENIED.

ORDERED this 6th day of July 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE